W. E. TUCKER OIL COMPANY, INC., et al.
*v.* PORTLAND BANK

84-247                                              688 S.W.2d 293

Supreme Court of Arkansas
Opinion delivered April 29, 1985

*R. J. Brown* and *Lisa A. Kelly,* for appellant.

*Arnold, Hamilton & Streetman,* by: *Herman L. Hamilton, Jr.,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee bank brought this suit to foreclose mortgages securing notes executed after the effective date of Amendment 60 to the Constitution of 1874. The notes bore interest at thirteen percent per annum, which was a permissible rate under Amendment 60 when the notes were given. The appellants, the debtors, defended the suit on the ground that Amendment 60 is unconstitutional, so that the original ten percent limitation is still in effect, and the notes are usurious and void. The chancellor upheld Amendment 60 and entered a decree for the bank. The appeal comes to this court for a construction of our Constitution. Rule 29(1)(a).

The case presents questions of law, on undisputed facts. The Constitution originally had an inflexible ten percent limitation on interest rates. Amendment 60 changed that by declaring that the maximum rate shall not exceed five percent above the Federal Reserve Discount Rate at the time of the contract. The essential issue before us is whether the people of Arkansas had the power to adopt by constitutional amendment a variable maximum interest rate to be fixed from time to time by an agency of the United States government, without state action.

Needless to say, the members of this court would not assume responsibility for striking down a constitutional amendment, after its adoption by the people, without being certain of our position. In this case, however, the question is so simple, because it is so fundamental, that we have not the slightest uncertainty about the validity of Amendment 60. That being true, a long and detailed discussion of the matter is not required.

It is first argued that Amendment 60 unlawfully delegates authority to an agency of the federal government. Such a delegation of power is said to violate the Tenth Amendment to the United States Constitution, which

reserves to the states all powers not delegated to the United States, and to violate the provisions of the Arkansas Constitution dividing the powers of the state government into three departments, the legislative, the executive, and the judicial. Article 4, §§ 1 and 2; Amendment 7.

This argument misconceives the basic principles of our system of self-government. The people of Arkansas adopted their own Constitution and expressly reserved the power to change its provisions by amendments approved by popular vote. Cases cited by counsel hold that the General Assembly cannot delegate legislative authority to another branch of the state government or to an agency of the United States. That is true, but under the state Constitution the people themselves are subject to no similar incapability. What they have done they can undo. They were free to anchor their interest rate to the federal discount rate unless there is some prohibition in the United States Constitution against that action.

The only such prohibition in that Constitution must be found in "some invisible radiation from the general terms of the Tenth Amendment," to quote Justice Holmes's words. *Missouri* v. *Holland,* 252 U.S. 416 (1920). That Amendment was drafted to limit the powers of the federal government, not those of the states. It neither commands the states to exercise their reserved powers to the fullest possible extent nor forbids them from sharing their reserved authority with the United States. If that were not so, every effort by the federal and state governments to join forces in some endeavor falling within the reserved power of the states would be subject to question. Our history of countless such cooperative and successful endeavors is itself a practical answer to the argument now being made.

Second, it is argued that Amendment 60 runs counter to the clause in the national Constitution that directs the United States to guarantee to every state "a republican form of government." Art. 4, § 4. This argument is without weight. A republic is a political state in which the supreme power rests in the citizens entitled to vote and is exercised by them either directly or through their elected representatives.

We are not persuaded that the people of Arkansas abandoned their republican form of government by approving Amendment 60. Quite the contrary. The people evidently believed, after almost a century of experience with a rigid interest limitation, that it should be replaced by a flexible limitation taking into account interest rates elsewhere. The people might have tried to create some system of their own for determining how the rate should be set, but the choice of the federal rate as a base figure had the advantages of simplicity and of uniformity with rates prevailing in neighboring states. At any rate, the choice was made by the voters themselves, by democratic means, and does not seem to us to present even a remote threat to the republican form of government in Arkansas.

Affirmed.